GOLDEN *v.* McCARROLL, COMMISSIONER OF REVENUES.

4-5216

Opinion delivered June 20, 1938.

*Floyd Terral,* for appellant.

*J. Hugh Wharton,* for appellee.

GRIFFIN SMITH, C. J. By act 62 of the Fifty-first General Assembly the sum of $21,000 was appropriated for use during the fiscal year ending June 30, 1938, for salaries of ten auditors in the Department of Revenues at $2,100 per year each.

Prior to July 1, 1937, when the appropriation became effective, appellant had been employed as such auditor. November 9, 1937, the commissioner informed appellant by letter that, effective November 15, his services would terminate "until you receive notice to return." The letter closed with expressions of thanks for appellant's loyalty and co-operation.

Appellant appealed to the Civil Service Commission, and February 16, 1938, there was a finding that "No notice of Mr. Golden's terminated services was given to the state personnel division, the first knowledge of the pro-

cedure having come from Mr. Golden when he filed with the personnel director a letter protesting his removal and requesting that the commission grant him a hearing and reinstate him to his position. The commission finds that the personnel director investigated Mr. Golden's removal, but was unable to ascertain its cause. On December 6, 1937, Mr. Golden filed with the personnel director a formal petition, again requesting a hearing by the commission and reinstatement in his position. . . . Counsel for the Revenue Department admitted that Golden was removed from the position in the manner alleged by Golden, but contended that his removal constituted a layoff rather than a dismissal; that his services had been satisfactory, and recommended that the personnel division place his name upon an appropriate re-employment list. The reasons set up as a basis for Golden's removal were substantially as follows: That the volume of business conducted by the sales tax division had increased to an extent requiring the employment of an additional person, but that a shortage of funds existed in the appropriation for the payment of salaries of employees in the sales tax division of the Department of Revenues; that the department felt that the need for this additional person was greater than the need for the services of Golden; that Golden did not possess the necessary qualifications for the position in the sales tax division; and that the department therefore removed Golden from his position and employed a person capable of performing these duties.

"The commission finds that Rule XIII, §§ 1 and 3, of the rules of the Civil Service Commission . . . requires that the personnel division and the classified employee affected shall be given notice in writing of any removal on or before the effective date of such removal, whether the removal is considered by the appointing authority to be a layoff or a dismissal. The commission finds further that this written notice shall contain specific reasons for the contemplated removal and in the case of a layoff, the notice shall contain a statement of whether the employee is or is not recommended for re-employment. . . . The Department of Revenues

failed to comply with procedures outlined in Rule XIII. . . . It is therefore ordered that Ira J. Golden be considered to be, and to have been since November 15, 1937, an employee of the Department of Revenues, and that the action of the said department in attempting to remove him is contrary to the provisions of the rules of the commission and contrary to the provisions. of the Civil Service Act.''

May 11, 1938, appellant filed his petition in the circuit court, alleging the matters quoted from the report of the Civil Service Commission; that Z. M. McCarroll had succeeded D. L. Ford as Commissioner of Revenues; that demand had been made upon McCarroll for voucher in the sum of $542.50 as salary from November 15, 1937, to February 18, 1938, and that McCarroll refused to issue such voucher. It was further alleged that the General Assembly had appropriated sufficient funds to pay the amount claimed to be due. The prayer was that a writ of mandamus issue.

The Department of Revenues demurred on the grounds (1) ''That the court has no jurisdiction because power to grant the relief sought by petitioner is expressly and exclusively vested elsewhere than in this court and petitioner has an adequate remedy, and for the further reason that this is in effect a suit against the state and prohibited by the Constitution of the State of Arkansas. (2) That the petition does not state facts sufficient to constitute a cause of action.''

Appellant amended his complaint by alleging that the State Comptroller had prescribed an accounting system for the Department of Revenues, and under the system it was requisite that salary vouchers be issued to all employees as a condition to the procurement of a warrant.

The demurrer was sustained. In his brief appellant says the trial court regarded the suit as one against the state.

It is argued by appellee that even if the action be held to lie, appellant is not entitled to the relief prayed for ''Because the Civil Service Commission did not go into the merits of the defense of the Commissioner of Revenues. . . . There was no finding that Golden

was entitled to receive his salary, as alleged in the petition.''

Appellee directs attention to §§ 5491, 5493, 5496, 5497, 5498 and 5505 of Pope's Digest, which relate to the duties of the Auditor of State and rights of persons having claims against the state, and insists that the only method by which appellant can secure compensation is through special legislative appropriation.

While § 5491 enjoins upon the Auditor the duty to ''audit, adjust and settle all claims against the state payable out of the treasury,'' it excepts ''such claims as may be expressly required by law to be audited and settled by some other officer or person.'' The four succeeding sections referred to by appellee relate to that class of claims required by law to be ''audited, adjusted, and settled'' by the Auditor, as to which the law does not delegate authority elsewhere.

This is not a suit against the state. The effect of the complaint is to allege that under provisions of the civil service law appellant became an employee of the Revenue Department; that the Legislature appropriated sufficient funds to pay the demand; that the appropriation was unexpended, and that the law directs the Commissioner of Revenues, as disbursing agent, to issue vouchers in evidence of amounts legally due for salaries. The demurrer admits these allegations.

Therefore, appellant's prayer for mandamus is nothing more than a demand that appellee perform his ministerial duty. It is generally held that this may be done. It is not a proceeding to coerce the state, or to require the doing of some act with respect to which an agent of the state has discretionary powers. *Page, State Treasurer, v. McKinley, ante* p. 331, 118 S. W. 2d 235, is not in point. There the purpose was to prevent the State Treasurer from disbursing funds expressly appropriated to designated persons. Equitable garnishment was urged as a means for enforcing a personal contract appellees insisted they had, payable from proceeds of the appropriation against which warrants were drawn. Here the purpose is to require the Commissioner of Revenues to do what the law directs.

Act 63 of 1933 directs that "All officers and all agents and employees of this state" shall be certified to the Governor in duplicate lists with the amount of salary paid to each. Such lists shall be prepared by the heads of the several departments. The Governor transmits one copy of the certificate to the Auditor of State, and one copy to the State Comptroller. . . . "The Auditor shall examine all such lists of employees and where he finds that authority of law exists for the payment of any salary so certified, and that there is an unexpended appropriation therefor, he shall issue warrants on the Treasurer for such salaries at the proper time."

Subdivision "B" of § 2 of act 63 provides a method for paying obligations other than salaries. A comparison of the two sections shows clearly that act 63 is to be read in connection with the several appropriations, and where specific appropriations have been made, or where appropriations have been made for employees falling within a designated class, it becomes the duty of the "head of the department" who is authorized by law to contract with employees to certify the fact of employment to the Governor, who in turn transmits the certification to the Auditor and Comptroller. The copy of the certificate thus sent to the Auditor is the department's voucher, and is the Auditor's authority for issuing a warrant. The Auditor's requisites are: (a) That the department's certificate be duly issued and transmitted to him; (b) that the name of the employee and his or her classification be shown; (c) that the appropriation from which the salary is payable be indicated, and (d) that the time for which payment is to be made be shown.

In the instant case the essential facts which would entitle appellant to compensation are admitted by the demurrer. The cause is remanded with directions to overrule the demurrer and to proceed in a manner not inconsistent with this opinion.